(109 App. Div. 583)

## GOTTLIEB v. DOLE.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. REFERENCE—PROCEEDINGS—REOPENING CASE FOR FURTHER EVIDENCE.

Where, in a suit for an accounting, defendant filed an account containing a list of confessed charges and a list of demanded credits, and the referee upon the conclusion of the trial wrote an opinion which did not allow an item of credit claimed by defendant, and of which he had made no proof because he had assumed that there was no dispute concerning the same, it was an abuse of discretion for the referee not to grant a motion, made by defendant before the formal decision had been filed or signed, to reopen the hearing and to be permitted to make proof as to the disputed item.

2. SAME—OBJECTIONS TO EVIDENCE.

Where a referee overrules an objection to the admission of evidence, and the evidence is received subject to a motion to strike it out, the evidence remains in the case, unless a motion to strike is made, and the referee has no right, after the case has been tried and submitted, to conclude on his own motion to strike the evidence on the ground that it is subject to the objection originally made against it.

Appeal from Judgment on Report of Referee.

Action by William B. Gottlieb against Frank A. Dole. From a judgment in favor of plaintiff, entered upon the report of a referee, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

John W. Ingram, for appellant.

Arnold C. Weil, for respondent.

HOUGHTON, J.   So far as material to the questions which we deem necessary to consider on this appeal, the facts are as follows: .The plaintiff agreed to furnish, and the defendant agreed to malt, a large quantity of barley. The`contract was entered upon and in a large part performed, and by mutual consent malting ceased and other alleged obligations on the part of defendant were substituted. The plaintiff made claim that the defendant had not returned to him all the malt which his barley produced, and that much of that which was returned was of inferior quality, due to unskillful production. Thereupon this action was brought for an accounting, and by consent an interlocutory judgment was entered adjudging that there be an accounting between the parties and appointing a referee to hear and determine the same. The trial resulted in a judgment against defendant, largely made up of the value of unreturned malt and the difference between the value of the malt returned and what would have been its value, had it been as good as the barley should have produced.

At the beginning of the hearing before the referee, the defendant filed an account, in which was contained a long list of items which he confessed he should be charged with, as well as a list for which he demanded credit. Amongst the items for which he claimed credit was the re·turn.to the plaintiff unmalted of 582 bushels of barley. Upon the conclusion of the trial the referee wrote an opinion, in which he indicated his conclusions and directed that a formal decision be prepared in accordance therewith. Before this decision was signed the defendant moved that the hearing be opened to permit him to show that this 582 bushels of barley was returned by him to the plaintiff without malting, and upon an affidavit, undenied, he alleged that he had not made the proof in respect thereto because he had assumed that there was no dispute concerning its return. This motion was denied, and the decision was signed, in which the defendant is charged with the malt which this quantity of barley would produce. The referee should have opened the hearing and permitted the defendant to make this proof, and it was an abuse of discretion on his part to deny that relief. The decision had not been filed, or even signed, and he still retained power to permit additional proof with respect to any matter inadvertently omitted. He seems to have denied the application on the ground that the defendant's counsel mistook the legal effect of the filing of defendant's account, when he assumed that whatever of it was not surcharged was admitted. Even if counsel was mistaken as to the practice, this was no ground for refusing to relieve him of his mistake, when his client would suffer from a matter so easily remedied.                    \

If this were the only difficulty, we possibly might modify the judgment. But it is not. The referee found the difference in value between the bad malt returned by defendant and good malt which should have been returned to be 17½ cents per bushel. The first witness called by plaintiff was his own brother, who testified that for nearly 20 years he had been in the malting business, and had malted millions of bushels of barley, and had purchased 15,000 bushels of the 20,000 bushels of alleged bad malt which the defendant had returned to the plaintiff. Thereupon he was asked by plaintiff's counsel what the difference in value per bushel was between this bad malt and good malt. · The evi-

dence was objected to by defendant's counsel, but the referee overruled the objection, subject to a motion to strike out, and directed the witness to answer, and he said, "Between 10 and 12 cents per bushel." The form of the question was bad, and the referee would have been justified in sustaining defendant's objection, because the witness was not asked to give the value of good malt and that of bad malt, and thus allow the court to do the subtracting, instead of the witness. In practical effect, however, the evidence was the same, and the defendant appears to have been content with it, because he subsequently made no motion to strike it out. The referee, however, after the case had been submitted to him for decision, concluded of his own motion to strike it out, and did so, by quoting the question and objection and saying that the objection was sustained and answer stricken out. This he could not do. Where an objection to the admission of evidence is overruled, and the evidence is received subject to a motion to strike it out, unless such motion is made the evidence remains in the case. A court has no right on its decision, after a case has been tried and submitted, to clean its record by changing its rulings upon the admission or exclusion of evidence. Robinson v. N. Y. Elev. R. R. Co., 175 N. Y. 220, 67 N. E. 431; Bloss v. Morrison, 47 Hun, 218. When the defendant rested without moving to strike out the evidence, he had the right to rely upon the fact that one of plaintiff's chief witnesses had testified that the difference in value between good and bad malt was only from 10 to 12 cents, and that the referee would take this evidence into consideration, instead of striking it out, and finding that difference to be 17½ cents.

Many other errors are urged by the appellant, but we do not deem it necessary to consider them.

The judgment should be reversed, and a new trial granted before another referee, with costs to the appellant to abide the event. All concur.